NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT JOSEPH McCARTY, | No. 14-16934 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-01538-JCM-NJK |
| v. | |
| JOHN V. ROOS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted April 11, 2017[**]

Before:   GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Robert Joseph McCarty appeals pro se from the district court's judgment in

his 42 U.S.C. § 1983 action alleging constitutional violations arising out of his

registration as a sex offender.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo both the district court's dismissal for failure to state a claim under

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 12(b)(6) and summary judgment. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed McCarty's official capacity claims against the federal defendants because McCarty failed to allege facts sufficient to state a plausible claim. *See United States v. Juvenile Male*, 670 F.3d 999, 1009, 1012-13 (9th Cir. 2012) (identifying requirements for equal protection, substantive due process, and procedural due process claims); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed McCarty's official capacity claims against the state defendants on the basis of Eleventh Amendment immunity. *See Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (the Eleventh Amendment bars suits against the State, its agencies, and state officials sued in their official capacities).

The district court properly dismissed McCarty's individual capacity claims against the federal and state defendants because McCarty failed to allege facts sufficient to show that defendants' conduct violated a clearly established right.

2                                                                    14-16934

*See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (defendant is entitled to qualified immunity unless the conduct at issue violated a clearly established constitutional right).

The district court properly granted summary judgment on McCarty's official capacity claims for injunctive relief against defendants Charlene Hoerth and Patrick Saunders because McCarty failed to raise a genuine dispute of material fact as to whether he was not required to register as a sex offender. *See United States v. Crowder*, 656 F.3d 870, 872 (9th Cir. 2011) (explaining Sex Offender Registration and Notification Act registration requirements); *Nollette v. State*, 46 P.3d 87, 90 (Nev. 2002) (explaining registration requirements under Nevada law).

The district court did not abuse its discretion in denying McCarty's request for judicial notice, including his request to take judicial notice of the Torture Victims Protection Act, Foreign Sovereign Immunities Act, and Convention Against Torture. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (setting forth standard of review); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (judicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court).

14-16934

We reject as unsupported by the record McCarty's contentions that the district was not impartial, applied the wrong legal standard, and failed to receive and consider evidence.

McCarty's request for judicial notice, set forth in his reply brief, is denied.

**AFFIRMED.**